UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| JOHN T. ROUGEAU | CIVIL ACTION NO. 03-1889-A |
|---|---|
| -vs- | JUDGE DRELL |
| LILLIE MAE EVANS, ET AL. | MAGISTRATE JUDGE KIRK |

R U L I N G

Before the Court are the following motions:

(1) Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) based on prescription filed by Capstar TX Limited Partnership ("Capstar") and Clear Channel Communications, Inc. (Clear Channel) (Doc. 79);

(2) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and/or Motion for Summary Judgment filed by Thomas Searcy ("Searcy") (Doc. 81);

(3) Motion for Summary Judgment filed by Capstar and Clear Channel (Doc. 84);

(4) Motion for Summary Judgment filed by the City of Alexandria ("the City"), St. Paul Fire & Marine Insurance Co. ("St. Paul"), John Parker ("Parker"), Lillie Mae Evans ("Evans"), and Paul Rutledge ("Rutledge")(Doc. 89);

(5) Motion to Dismiss filed by Rodney Feazell ("Feazell")(Doc. 92); and

(6) Motion for Partial Summary Judgment filed by the City, St. Paul, Carla Whitstine ("Whitstine"), Officer Rutledge, Chris Ryder ("Ryder"), and Richard Lofton ("Lofton")(Doc. 99).

Pursuant to this Court's Order dated May 24, 2006, Magistrate Judge James D.

Kirk prepared Reports and Recommendations addressing each of these motions.

(Docs. 168, 169, 170, 171 and 172). Objections have been filed to the Magistrate Judge's Reports and Recommendations. (Docs. 174, 175, 176, 182, 183, 184 and 185). At the outset, we note that we have thoroughly read, reviewed and considered all pleadings, motions, oppositions, objections and exhibits filed by the parties as well as the several Reports and Recommendations before ruling on the above listed motions. For the reasons given in the Magistrate Judge's Reports and Recommendations:

(1)  the Motion to Dismiss filed by Capstar and Clear Channel (Doc. 79) will be DENIED;

(2)  the Motion to Dismiss filed by Mr. Searcy (Doc. 81) will be GRANTED and all claims brought by Mr. Rougeau against Mr. Searcy will be dismissed with prejudice ;

(3)  the Motion for Summary Judgment filed by Capstar and Clear Channel (Doc. 84) will be GRANTED and all claims brought by Mr. Rougeau against Capstar and Clear Channel will be dismissed with prejudice;

(4)  the Motion for Summary Judgment filed by the City, St. Paul and Officers Parker, Evans and Rutledge (Doc. 89) will be GRANTED and all claims brought by Mr. Rougeau against these defendants for the allegations arising out of the events of October 13, 2002 will be dismissed with prejudice;[1]

(5)  the Motion to Dismiss filed by Officer Feazell (Doc. 92) will be GRANTED and all claims brought by Mr. Rougeau against Officer Feazell will be dismissed with prejudice; and

(6)  the Motion for Partial Summary Judgment filed by the City, St. Paul, and Officers Whitstine, Rutledge, Ryder and Lofton (Doc. 99) will be GRANTED

---

[1] We note that Plaintiff's opposition to this Motion includes a list of events that were never alleged in any of Plaintiff's amended and supplemental complaints, despite the myriad of opportunities afforded to Mr. Rougeau to amend and supplement his petition so that he could include all allegations of wrongdoing. Therefore, we did not consider these late-alleged and unestablished facts when ruling on the Motion before us.

and all claims brought by Mr. Rougeau against these defendants regarding the allegations arising out of the events of July 4, 2003 and July 4, 2004 will be dismissed with prejudice.[2]

Several motions request "dismissal, with full prejudice, of all claims of JOHN T. ROUGEAU" (Docs. 84, 89 and 99). The Reports and Recommendations only address the merits of claims brought pursuant to the United States Constitution, recommending that the Court decline to exercise its pendent jurisdiction as to the other claims. However, because all pending claims arise from a common nucleus of operative fact, we also will examine Mr. Rougeau's claims brought pursuant to the Louisiana Constitution and La. Civ. Code Art. 2315.

Although Plaintiff's complaint consistently alleges various defendants violated his rights under the Louisiana Constitution (Doc. 36, paragraphs 5, 6, 9, 18, 37 and 52), Mr. Rougeau never details which provisions Defendants allegedly violated. Further, when he complains that he was "deprived of the following rights, privileges and immunities secured to him by the Constitution of the United States and the Louisiana Constitution" (Doc. 36, paragraphs 18, 37 and 52), the list of alleged violations specifically cites only amendments to the United States Constitution. Therefore, we conclude that Mr. Rougeau does not actually allege any violation of the Louisiana Constitution by Defendants and, accordingly, we

---

[2] We note that Plaintiff's opposition to this Motion includes a list of events that were never alleged in any of Plaintiff's amended and supplemental complaints, despite the myriad of opportunities afforded to Mr. Rougeau to amend and supplement his petition so that he could include all allegations of wrongdoing. Therefore, we did not consider these late-alleged and unestablished facts when ruling on the Motion before us.

will grant the pending Motions for Summary Judgment as to these non-claims. (Docs. 84, 89 and 99).

Plaintiff also contends the Defendants violated La. Civ. Code Art. 2315, the provision pursuant to which claims for intentional infliction of emotional distress are brought. (Doc. 36). Under Louisiana law, a claim for intentional infliction of emotional distress requires the plaintiff to satisfy three elements: (1) the conduct of the defendant must be extreme and outrageous; (2) the emotional distress of the plaintiff must be severe; and (3) the defendant must have desired to inflict severe emotional distress or must have known that severe emotional distress would be certain or substantially certain to result from his conduct. White v. Monsanto Co., 585 So. 2d 1205 (La. 1991). To sustain a claim for intentional infliction of emotional distress, the defendant's "conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Id. at 1209. "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Id. Mr. Rougeau's claims for intentional infliction of emotional distress pursuant to La. Civ. Code Art. 2315 must fail. Although Dr. Hong Lui testified that Mr. Rougeau has suffered from anxiety, depression, panic attacks and erectile dysfunction, all of which may be related to the events for which Mr. Rougeau filed suit, Plaintiff has presented no evidence indicating that the Defendants' conduct was extreme or outrageous or that emotional distress was substantially certain to result from their conduct.

4

He only makes allegations about threats and annoyances. Because Mr. Rougeau has not satisfied two of the three required elements, his claims for intentional infliction of emotional distress must be dismissed against all Defendants.

In deciding this case, the Court notes some changes to the Magistrate Judge's presentation of the facts. First, as to Document 99, the Motion for Partial Summary Judgment filed by the City, Officers Rutledge, Ryder, Whitstine and Lofton and St. Paul (Doc. 99), the Magistrate Judge wrote in his Report and Recommendation: "When Rougeau was observed photographing the bikini contestants backstage, without permission or authorization. . ." (Doc. 169). We note that the parties disagree about whether Mr. Rougeau was backstage during the 2003 Uncle Sam Jam (compare Mr. Rougeau's deposition, Doc. 84, Exh. C, p. 138 with Jerry Havens's deposition, Doc. 84, Exh. F, p. 22-23 and Officer Rutledge's deposition, Doc. 84, Exh. G, p. 33). This factual dispute does not need to be resolved for the purposes of deciding the Motion before us. Regardless of whether Mr. Rougeau was backstage, the moving Defendants acted reasonably in escorting Mr. Rougeau from the event and did not violate any of his constitutional rights by doing so.

Second, in reference to the events that allegedly occurred on October 13, 2002, the Magistrate Judge wrote:

> Plaintiff was parked in an off-limits area of the fair grounds . . . Plaintiff planned to endanger fair goers by having a tiger released from its cage and somehow brought across the fairgrounds to his

> location so that he could endanger the life of his companion by having her lie on the beast while he took her photograph. (Doc. 170).

It is not clear whether the area in which Mr. Rougeau was parked was a no parking zone and whether the area had been barricaded as to notify the public that it was a no parking zone (compare Mr. Rougeau's deposition, Doc. 84, Exh. F, p. 108-109 with Officer Rutledge's deposition, Doc. 84, Exh. G, p. 20). Likewise, we are not convinced that Mr. Rougeau intended to "endanger" fair goers or his model or have the tiger "released" from its cage. Rather, Mr. Rougeau testified that he had arranged to have the tiger brought to him by its handler and two grooms while the tiger was on a leash. (Mr. Rougeau's deposition, Doc. 84, Exh. F, p. 105). Once again, we do not need to reconcile these facts before ruling on the pending Motion. *Even if* the area in which Mr. Rougeau was parked was open to the public and the tiger *could have been* safely used by Mr. Rougeau for his photography, Officer Rutledge's suspicion of potential wrongdoing was still reasonable under the circumstances. Officer Rutledge testified he was informed that:

> Mr. Rougeau was– – He was just offset from the main part of the fairgrounds. . . He was supposedly back there. According to Mr. Searcy, he felt that he was going to be taking photographs of a young lady that could be a minor. He was also going to be doing it with a prop, the prop being a Bengal tiger. (Doc. 84, Exh. G, p. 13-14).

Because the events were sufficient to give rise to a reasonable suspicion, Officer Rutledge acted within the bounds of the Constitution when he and his

accompanying officers briefly questioned Mr. Rougeau to determine whether Mr. Rougeau's companion was at least 18 years old.

Mr. Rougeau claims he "thought [he] was under arrest" (Doc. 84, Exh. F, p. 121) during his encounter with the officers. However, he only started feeling that way *after* he requested that the officers produce an incident report, two of the officers left to collect the documents necessary to make that report and Mr. Rougeau was told to stay with Officer Parker. During the time Mr. Rougeau and Officer Parker waited for Officers Rutledge and Evans to return with the incident report, Mr. Rougeau never asked if he could leave and never told Officer Parker that he wanted to leave. Further, Officer Parker never told Mr. Rougeau that Mr. Rougeau could not leave or that he was under arrest. (Doc. 84, Exh. F, p. 121-122). Rather, it appears that Mr. Rougeau was told to stay with Officer Parker so that Officers Rutledge and Evans could find him and give him the incident report without having to search the entire fair grounds and the crowds for him. Mr. Rougeau could have left the area, although he would have had to do so without the requested incident report.

Third, the Magistrate Judge consistently wrote in his Reports and Recommendations: "Since Plaintiff has not attempted to controvert any of the specific facts stated in the defendant's [sic] statement of undisputed facts, those facts will be deemed admitted for purposes of this motion." (Docs. 169, 170 and 172). However, Mr. Rougeau did file statements of material facts, objections to Defendants' statements of material facts, and issues of material facts. (Docs. 115,

7

116, 118, 121 and 123). The Court has reviewed and considered each of these documents prior to ruling on the respective motions. The standard for determining whether a party is entitled to summary judgment was at the forefront of this review. That is, we looked at Mr. Rougeau's objections with an eye toward whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. We conclude that no palpable factual dispute exists in this case: Plaintiff's statements of material facts primarily reiterate the same facts upon which the Court has relied in coming to its decision. Rather, Mr. Rougeau, relying on his "Issues of Material Fact For Which There Exists A Genuine Issue to be Tried," attempts to indicate that "genuine issues" exist and therefore Defendants are not entitled to judgment as a matter of law. Mr. Rougeau's "genuine issues" are a combination of his objections to the Defendants' factual presentation and his desire to exhibit, outside of his memoranda, issues he considers pertinent. Whether a party is entitled to judgment as a matter of law is a determination for the Court. Having concluded that Mr. Rougeau's oppositions are not an impediment to summary judgment because there are no genuine issues of material fact and Defendants are entitled to a matter of law, the above listed Motions for Summary Judgment will be granted.

Finally, having reviewed all pleadings and exhibits filed in this case, the Court has not found *any* evidence that Mr. Rougeau is being or has been harassed by local law enforcement officials or agencies. Likewise, the facts do not support

8

Plaintiff's allegations that the Defendants are engaging in any kind of conspiracy against him. Rather, it appears that Mr. Rougeau's numerous encounters with law enforcement officials and Clear Channel employees are a result of his decisions to test the limits of permissible behavior, and not a result of any harassment or conspiracy.

It is the Court's appreciation that, following the disposal of the six pending motions, all Defendants and all claims brought by Mr. Rougeau will be dismissed except for Mr. Rougeau's claims against John Parker for the alleged events of July 4, 2004. Although Mr. Rougeau sued Officer Parker for Officer Parker's alleged conduct on July 4, 2004 (Doc. 36) and although other law enforcement personnel filed a Motion for Partial Summary Judgment (Doc. 99) addressing the events of July 4, 2004, Officer Parker was not a party to that Motion nor did he file a separate motion for summary judgment. Therefore, Mr. Rougeaus' claims against Officer Parker for the events of July 4, 2004 remain viable.

SIGNED on this 25th day of August, 2006, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge