UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION
_____

| | |
|---|---|
| JOHN T. ROUGEAU | CIVIL ACTION NO. 03-1889-A |
| -vs- | JUDGE DRELL |
| LILLIE MAE EVANS, et al. | MAGISTRATE JUDGE KIRK |

# R U L I N G

Before the Court are motions for attorney's fees by:

(1) City of Alexandria, Lillie Mae Evans, Paul Rutledge, John Parker, Chris Ryder, Richard Lofton, Carla Whitstine and St. Paul Fire & Marine Insurance Company (collectively, "City defendants") in a claimed amount of $57,531, plus costs and expenses (Document No. 191);

(2) Capstar TX Limited Partnership and Clear Channel Communications, Inc. ("Clear Channel defendants") in a claimed amount of $68,085, plus costs and expenses (Document No. 189); and

(3) Thomas Searcy ("Searcy") in a claimed amount of $31,671 to $62,000, plus costs and expenses (Document Nos. 193 and 197).

For the following reasons:

(1) the motion of the City defendants (Document No. 191) will be GRANTED in the amount of $53,128.50 for attorney's fees and $12,466.93 for costs and expenses;

(2) the motion of the Clear Channel defendants (Document No. 189) will be GRANTED in the amount of $16,800.00 for attorney's fees and $2,200.80 for costs and expenses; and

  (3)  the motion of Searcy (Document No. 193) will be GRANTED in the amount of $17,527.50 for attorney's fees and $1,130.82 for costs and expenses.

## I.  BACKGROUND

We come now to the end of protracted litigation in which plaintiff Rougeau asserted numerous claims under the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States; the Louisiana Constitution; and Louisiana Civil Code article 2315.  These assertions arose from two separate incidents, the first occurring on October 13, 2002 at the Rapides Parish Fair Grounds and the second on July 4, 2003 at the Uncle Sam Jam held at the River Park Center in Alexandria, LA.

The suit ultimately concluded when this Court granted motions for summary judgment filed by various defendants and a motion to dismiss filed by Searcy in a ruling and judgment dated August 25, 2006 (Document Nos. 187 and 188), as well as defendant John Parker's motion for summary judgment in a ruling and judgment dated August 1, 2007 (Document Nos. 209 and 210).  Following the granting of these motions, counsel for defendants filed the three motions for attorneys' fees, costs, and expenses at issue here.

## II.  BASIS FOR AN AWARD OF ATTORNEY'S FEES

### A. APPLICABLE LAW

Pursuant to § 1988, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" in civil rights

proceedings. See 42 U.S.C. § 1988(b). Congress passed this law, in large part, "to ensure 'effective access to the judicial process' for persons with civil rights grievances." Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937 (1983) (quoting H.R. Rep. No. 94-1558, p. 1 (1976)). To that end, "the fee provision was included to 'make it easier for a plaintiff of limited means to bring a meritorious suit.'" Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 420, 98 S. Ct. 694, 699 (1978) (footnote omitted). However, by allowing attorney's fees to prevailing defendants, Congress also intended the provision "to deter the bringing of lawsuits without foundation," "to discourage frivolous suits," and "to diminish the likelihood of unjustified suits being brought." Id. (footnotes omitted).

As a result of these competing policy considerations, "the standard for awarding attorney's fees differs if a defendant rather than a plaintiff prevails." White v. Southpark Indep. Sch. Dist., 693 F.2d 1163, 1169 (5th Cir. 1982). Typically, a prevailing plaintiff in a civil rights action is entitled to recover his reasonable attorney's fees, unless there is a showing of special circumstances that would make such an award unjust. See Dean v. Riser, 240 F.3d 505, 508 (5th Cir. 2001). A prevailing defendant, on the other hand, may be awarded attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Id. Under this standard, the court need not find subjective "bad faith" on the plaintiff's part to award attorney's fees to a prevailing defendant. As the Fifth Circuit has explained:

> A suit is frivolous if it is "so lacking in arguable merit as to be groundless or without foundation . . . ." See Plemer v. Parsons-Gilbane, 713 F.2d 1127, 1140-41 (5th Cir. 1983). In determining whether a suit is frivolous, the district court should look to factors such as whether the Plaintiffs established a prima facie case, whether the defendant offered to settle, and whether the court dismissed the case or held a full trial. See United States v. Mississippi, 921 F.2d 604, 609 (5th Cir. 1991).

Walker v. City of Bogalusa, 168 F.3d 237 (5th Cir. 1999).

### B. ANALYSIS

In the case now before the Court, the defendants clearly prevailed, pursuant to the Court's rulings and judgments of August 25, 2006 and August 1, 2007. The Court now turns to the three factors provided by the Fifth Circuit in Walker.

First, Rougeau failed to establish a prima facie case, despite extensive discovery gathered over the course of several years. With respect to Rougeau's various claims, the Court's August 25, 2006 ruling (Document No. 187) stated in relevant part:

> Finally, having reviewed all pleadings and exhibits filed in this case, the Court has not found *any* evidence that Mr. Rougeau is being or has been harassed by local law enforcement officials or agencies. Likewise, the facts do not support Plaintiff's allegations that the Defendants are engaging in any kind of conspiracy against him. Rather, it appears that Mr. Rougeau's numerous encounters with law enforcement officials and Clear Channel employees are a result of his decisions to test the limits of permissible behavior, and not a result of any harassment or conspiracy.

Document No. 187, pp. 8-9 (emphasis in original). Second, Mr. H. Bradford Calvit, counsel for the City defendants, confirmed at the September 13 hearing that no

4

settlement offers were extended during this case, reflecting the defendants' belief that the claims were without merit. Third, the Court dismissed the case at the summary judgment stage rather than allowing meritless claims to proceed to trial.

Applying the Watson factors to information gleaned from the record and from the hearing held on September 13, 2007, the Court now finds that Rougeau's claims were "frivolous, unreasonable, or without foundation." Dean, 240 F.3d at 508. Thus, the defendants are entitled to reimbursement of attorneys' fees, costs, and expenses. However, a number of complicating factors somewhat limit the amount of the fee awards.

### III.  CALCULATION OF THE FEE AWARD

#### A. APPLICABLE LAW

The Fifth Circuit has explained the procedure for the calculation of attorneys' fees as follows:

> [D]etermination of reasonable attorneys' fees involves a two-step procedure. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. Id. Then, the district court must multiply the reasonable hours by the reasonable hourly rates. Blum v. Stenson, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544, 79 L. Ed. 2d 891 (1984) (defining base fee to be product of reasonable hours and reasonable rate); Hensley, 461 U.S. at 433, 103 S. Ct. at 1939 (defining product of hours reasonably expended and reasonable hourly rates as "the most useful starting point"); Brantley v. Surles, 804 F.2d 321, 325 (5th Cir. 1986) (stating hours multiplied by rate to be normal basis for fee). The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case.  Brantley, 804 F.2d at 325.

Determinations of hours and rates are questions of fact. See Bode v. United States, 919 F.2d 1044, 1047 (5th Cir. 1990) (reviewing hours for clear error).

\* \* \*

As noted, the first step in determining reasonable attorneys' fees is an evaluation of the number of hours reasonably expended. Baughman v. Wilson Freight Forwarding Co., 583 F.2d 1208, 1214 (3d Cir. 1978). The district court must determine whether the hours claimed were "reasonably expended on the litigation." Alberti v. Klevenhagen, 896 F.2d 927, 933-34 (5th Cir.), vacated on other grounds, 903 F.2d 352 (5th Cir. 1990); see also Hensley, 461 U.S. at 434, 103 S. Ct. at 1939 ("The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'"). Moreover, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant . . . should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley, 461 U.S. at 437, 103 S. Ct. at 1941; see also Bode, 919 F.2d at 1047 ("The party seeking reimbursement of attorneys' fees . . . has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement.").

Accordingly, the documentation must be sufficient for the court to verify that the applicant has met its burden. Id. "In determining the amount of an attorney fee award, courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." Id.; see also Hensley, 461 U.S. at 433, 103 S. Ct. at 1939 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."). Thus a district court may reduce the number of hours awarded if the documentation is vague or incomplete. See Alberti, 896 F.2d at 931 (refusing to accept incomplete documentation "at face value"); Leroy v. City of Houston (Leroy I), 831 F.2d 576, 585-86 (5th Cir. 1987) (finding clear error and abuse of discretion when district court accepted "faulty records" without making reduction); cf. Hensley, 461 U.S. at 433, 103 S. Ct. at 1939

6

> (counseling that "where the documentation of hours is inadequate, the district court may reduce the award accordingly").
>
>     \* \* \*
>
> Failing to provide contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours. Heasley v. Commissioner, 967 F.2d 116, 123 (5th Cir. 1992).

Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 323-325 (5th Cir. 1995) ("Kellstrom").

As noted in Kellstrom, "Adjustment of the lodestar in this circuit involves the assessment of a dozen factors" from Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974):

> The factors include: 1) the time and labor required for the litigation; 2) the novelty and complication of the issues; 3) the skill required to properly litigate the issues; 4) whether the attorney had to refuse other work to litigate the case; 5) the attorney's customary fee; 6) whether the fee is fixed or contingent; 7) whether the client or case circumstances imposed any time constraints; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) whether the case was "undesirable;" 11) the type of attorney-client relationship and whether that relationship was long-standing; and 12) awards made in similar cases. 488 F.2d at 717-19.

Kellstrom, 50 F.3d at 329 n. 19. "Although all of the Johnson factors must be considered, recent decisions of this Court suggest that district courts, in computing attorneys' fees, should pay special heed to Johnson criteria numbers (1) the time and labor involved, (5) the customary fee, (8) the amount involved and the results obtained, and (9) the experience, reputation, and ability of counsel."

7

Copper Liquor, Inc. v. Adolph Coors Co., 624 F.2d 575 (5th Cir. 1980) (citations omitted).

## B. ANALYSIS

The Court initially reiterates that, although the defendants are entitled to attorneys' fees, costs, and expenses, each fee applicant has the duty both to establish his entitlement to an award and to furnish the documentation proving the amount of the award. Hensley, 461 U.S. at 437, 103 S. Ct. at 1941. Although the Court is satisfied that all three fee applicants have established their collective entitlement to an award, each has furnished documentation of widely varying quality.

The Court also finds that the four most relevant Johnson factors are similar for the three fee applicants. First, all three fee applicants expended significant time and labor in this case, but the efforts were appropriate for the subject matter of the case. Second, each applicant's fee was within the reasonable range for the community for this type of case. Third, a substantial amount of money, at least two million dollars ($2,000,000.00) was at stake, and the fee applicants were able to prevail at the summary judgment stage. Fourth, all counsel were reasonably experienced and performed their work professionally. On balance, the Court finds that none of these factors warrants adjustment of the respective lodestar calculations in this case.

### 1. Fee Applicant:  Mr. H. Bradford Calvit (City Defendants)

Of the three fee applicants before the Court, Calvit has provided the most extensive documentation of the work performed on the case. (Document No. 191, Exh. A).  The rate charged by Calvit and his firm was $115.00 per hour until July 20, 2005, when the rate rose to $125.00 per hour, as well as a constant rate for paralegal work of $45.00 per hour.  The Court has determined that this hourly rate, being within the normal range of fees for the community for this type of work, is reasonable.

The number of hours expended is a bit more complicated.  Calvit has provided the Court with 35 pages of detailed contemporaneous billing records, including entries for the name of the worker, the date, the length of time, and a brief note regarding the work performed.  Through August 30, 2006, the total number of billable hours recorded is 565.8.  However, these hours include both paralegal work and attorney work, as well as 15 entirely marked-out entries whose values are unknown but which are nevertheless included in the total number of hours.

From the billing records submitted, the Court finds that the paralegal time totals approximately 118.3 hours, leaving approximately 447.5 hours of attorney time on the case. However, the Court must reduce the number of hours due to the marked-out entries.  Based on the number of these entries relative to the total number of entries and taking into account the uncertainty as to the amount, the Court finds that a ten percent (10%) reduction of both paralegal and attorney

9

billable hours is reasonable. Thus, for purposes of the lodestar calculation, the Court will set paralegal billable hours at 106.5 and attorney billable hours at 402.8

For the lodestar calculation, the Court must multiply the number of hours reasonably expended on the case by the reasonable hourly rate. Because the hourly rate in this case changed from $115.00 to $125.00 per hour during the course of this litigation, and because the billing records fail to sum up the hours spent at different rates, the Court must distill from the records an appropriate rate. Based on the records provided, it appears that roughly half the records were billed at the increased rate. Thus, it is reasonable to average the two billing rates as an overall $120.00 per hour rate.

Taking the above considerations into account, the Court finds that the lodestar for the paralegal fees is 106.5 hours at $45.00 per hour, or $4,792.50, and that the lodestar for the attorney's fees is 402.8 hours at $120.00 per hour, or $48,336.00, for a total lodestar of $53,128.50. Because the Court finds no reason to adjust the lodestar, the Court will fix the award for attorney's fees at $53,128.50.

Furthermore, based on the uncontroverted records of costs and expenses submitted by Calvit, the Court will fix the award for documented costs and expenses at $12,466.93.

### 2. Fee Applicant: Mr. Stacy C. Auzenne (Clear Channel Defendants)

Auzenne has submitted a single page of documentation regarding his time spent on the case, broken down into segments as long as 100 hours.

Unfortunately, the descriptions are so vague as to "border on inadequacy as a matter of law." Kellstrom, 50 F.3d at 327. For instance, the second entry for 20 hours is: "Conferences with CLEAR CHANNEL employees and corporate counsel, along with review of documents." (Document No. 189, Exh. 6G). However, the Court recognizes its discretion to accept or reject fee applications supported by such vague and/or non-contemporaneous time records, provided that there is evidence to support an award of fees. Kellstrom, 50 F.3d at 324, 326-27.

Although the Court finds Auzenne's single page of documentation to be inadequate on its own to support an award of attorney's fees, the Court is also mindful of the amount of time and effort that he spent on this case and finds in the record objective support for at least a portion of his fees. However, the Court must significantly reduce the number of hours awarded for lack of specific documentation. Before explaining the lodestar calculation, the Court would like to remind counsel that "[a]ttorneys who anticipate applying for reimbursement of fees should endeavor to be less terse." Id. at 327.

As an initial matter, the Court is satisfied after the September 13, 2007 hearing that Auzenne's rate of $150.00 per hour is reasonable in light of the damages sought, the nature of his corporate clients, his level of success, and the market rates in the surrounding community. The difficulty arises in calculating the number of hours reasonably expended on the litigation. The Court will now proceed through Auzenne's single page of documentation (Document No. 189, Exh. 6G), making reference to other documents in the record.

11

Auzenne's first two entries total 40 hours and include an initial conference with Clear Channel, preparation for and attendance of the depositions of Jerry Havens and Lisa Ballance, conferences with Clear Channel employees and corporate counsel, and review of documents.  The Court finds these entries to be inadequate.  Based on the record, the Court will award 4.5 hours for the depositions of Havens and Ballance.  Lacking reasonable documentation as to the time spent on other matters, the Court will reduce the amount of time for conferences with Clear Channel and document review to 15 hours.

Likewise, the Court will reduce the amount of time spent on investigation of Rougeau's claims, exploring affirmative defenses, and fact witness interviews from 40 hours to 20 hours.  The amount of time spent reviewing Rule 26 Disclosures, discovery responses, and pleadings of all parties in this matter is reduced from 30 hours to 10 hours.

Auzenne lists 80 hours for attendance of depositions, as well as preparation and summary.  Again, lacking specific documentation, the Court must consult the record.  Other than Ballance and Havens (already taken into account above), the record shows that Auzenne attended twelve depositions: on June 30, 2005, Hong Liu, M.D. (Document No. 118, Exh. 6); on August 16, 2005, Sherry Morace (Document No. 118, Exh. 7) and Tiffany Ann Price Brewbaker (Document No. 84, Exh. M); on August 23, 2005, Walter Douglas Lacroix (Document No. 84, Exh. H) and Thomas Searcy (Document No. 89, Exh. 4); and on August 24, 2005, Paul Rutledge (Document No. 84, Exh. G), Rodney Feazell (Document No. 84, Exh. I),

Johnny Parker (Document No. 89, Exh. 2), Lillie Mae Evans (Document No. 89, Exh. 3), Chris Ryder (Document No. 99, Exh. 2), Carla Whitstine (Document No. 99, Exh. 3), and Rick Lofton (Document No. 99, Exh. 4). Correlating with the records of the other attorneys, the Court will reduce the time for depositions to 14.5 hours.

The Court reduces the amount of time relating to the pre-trial stipulations and pre-trial conference from 70 hours to 20 hours. The Court will set the remaining hours (relating to preparation of documents and conferences), including matters not included in the above calculations, as follows: approximately 126 substantive pages of documents at 10 minutes per page, or 21 hours; approximately 15 hours in various conferences; and approximately 20 hours of legal research. Having no way to verify or estimate the paralegal time, the Court will award no paralegal fees.

Finally, because the calculations the Court has had to make are clearly estimates based upon record evidence, it is important also to be fair to the plaintiff in making an adverse award. Accordingly, we find that a 20% downward adjustment to the lodestar is appropriate.

Although the Court believes that more hours may have been spent on this case, counsel failed to present adequate documentation for most of these claims. The hours used for the lodestar calculation represent, at the very least, hours reasonably expended on litigation. Taking the above considerations into account, the Court finds that the lodestar for Auzenne's attorney's fees is 140.0 hours at $150.00 per hour, or $21,000.00. Taking into account the 20% downward

13

adjustment to the lodestar, the Court will fix the award for attorney's fees at $16,800.00.

Furthermore, based on the uncontroverted records of costs and expenses submitted by Auzenne (Document No. 189, Exhs. 6A and 6C), the Court will fix the award for documented costs and expenses at $2,200.80.

### 3.  Fee Applicant:  Mr. Robert L. Bussey (Searcy)

Bussey represents a special situation in that he acted in this matter as a salaried part-time Assistant District Attorney for the Rapides Parish District Attorney's office and now seeks reimbursement on its behalf.  As such, he would have been paid regardless of any work done on this particular case and supplied neither contemporaneous billing records nor an hourly rate.  However, the Court recognizes the obvious importance of compensating the public fisc for time spent defending a frivolous suit.  Furthermore, the Court is able to calculate a lodestar from Bussey's non-contemporaneous billing records and the September 13, 2007 hearing.

Based on the September 13 hearing, the Court finds that a reasonable rate in this case begins at $95.00 per hour.  The Court notes that Searcy was a peripheral defendant, involved in only the October 13, 2002 fair incident and only because of a cordial conversation between Searcy and the plaintiff lasting a few minutes at most. Furthermore, because Bussey is salaried, it would be impossible to calculate an hourly rate even from his payment records.  For these

considerations, the Court will set the reasonable hourly rate at $95.00 per hour for purposes of the lodestar calculation.

Bussey submitted 14 pages of documentation (Document No. 197-2, Exh. A) regarding his estimated 275.4 hours spent on the case, providing subtotals for time spent on pleadings, correspondence, depositions, research, discovery, and miscellaneous matters. However, the document was prepared well after the work had been performed, and Bussey admitted that the records were estimates both at the September 13 hearing and in Searcy's reply to the plaintiff's opposition to his motion for attorney's fees (Document No. 197-1). Accordingly, the Court will reduce this amount by thirty-three percent (33%), and the number of hours reasonably spent for purposes of the lodestar calculation is 184.5.

Taking the above considerations into account, the Court finds that the lodestar for Bussey's attorney's fees is 184.5 hours at $95.00 per hour, or $17,527.50. Because the court finds no reason to adjust the lodestar, the Court will fix the award for attorney's fees at $17,527.50.

Furthermore, based on the uncontroverted records of costs and expenses submitted by Bussey (Document No. 193, Exhibit), the Court will fix the award for documented costs and expenses at $1,130.82.

SIGNED on this 19th day of September, 2007, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge